ANNETTE KINGSLAND ZIEGLER, J.
¶ 76.
{concurring) . I join the majority opinion because, under the facts of this case, neither Alexander's constitutional right to due process nor his statutory right to be present at voir dire under Wis. Stat. § 971.04(l)(c) were violated.[1]1 write separately to point out that even if we were to *367 conclude that a constitutional or statutory protection was violated, the error in not having Alexander present, under these facts, is harmless.[2] Alexander is entitled to a fair trial and impartial jury, which he received.
¶ 77. "Judges face tough calls in the courtroom each day. Judges are charged with administering justice and have a concurrent goal of avoiding unnecessary appellate issues." State v. Tody, 2009 WI 31, ¶ 60, 316 Wis. 2d 689, 764 N.W.2d 737 (Ziegler, J., concurring). Here, to the extent that any issue arose as to the two jurors who were dismissed as alternates, the judge was properly attempting to avoid unnecessary appellate issues.
¶ 78. Alexander was involved in the selection of 14 jurors. He knew that any 12 of those 14 jurors would ultimately sit as the final jury in this case. Alexander had no particular right to have these two jurors remain on his jury. If anything, leaving these two alternates on the jury and dispensing with two other jurors would likely have created more issues than it resolved. Twelve jurors, not fourteen, reach a verdict based upon the evidence and the law. The trial court judge was correct to select these two jurors as the alternates. Alexander received the fair and impartial jury to which he was entitled.
¶ 79. For the foregoing reasons, I respectfully concur.

 Alexander did not argue that his right to be present at trial under Wis. Stat. § 971.04 was violated.

 I believe that judges around this state strive to include, not exclude, defendants and counsel when issues arise during the course of trial. This case illustrates why it is a good practice to include defendants and counsel, if possible, when matters arise during trial.